PATRICK BRENNAN

*v.*

J. W. SHINKLE.

1. ERROR—*presumption in favor of judgment.* Unless it is impossible that the damages recovered by a plaintiff in an action of replevin, could have been assessed under any competent evidence, in the absence of a bill of exceptions it will be presumed that the evidence heard justified the judgment rendered.

2. DAMAGES—*measure of, in replevin for detention by defendant.* The statute giving a plaintiff, on recovery in replevin, the right to damages for the wrongful detention of the property by the defendant, authorizes not only compensation for any deterioration in the value of the goods replevied while in the hands of the defendant, but also the plaintiff's time lost and expenses incurred in searching for the same.

3. JUSTICES OF THE PEACE—*accuracy required.* In suits commenced before justices of the peace, technical precision and accuracy in the form of the entries are not indispensable.

APPEAL from the Superior Court of Cook county ; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. H. BARBER, Jr., for the appellant.

Mr. RUFUS KING, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

As appears from the transcript of the proceedings below, this was an action of replevin commenced before a justice of the peace.

Judgment was rendered by the court below, against appellant, by default, and appellee's damages were assessed at $200.

The point urged as ground for reversal is, that this judgment is necessarily erroneous, because the return of the constable shows that he took the property on the writ of replevin and delivered it to appellee; and that appellee could, hence, recover but nominal damages for its detention.

There is no bill of exceptions, and it necessarily results that we can not know what evidence was heard and what rulings were made upon the assessment of damages. Unless, therefore, it is impossible that the damages awarded could have been assessed against appellant under any competent evidence that might possibly have been introduced, we must presume that evidence was given which authorized the judgment rendered.

By sec. 23, chap. 119, Rev. Stat. 1874, p. 853, it is provided: "If judgment is given for the plaintiff in replevin, he shall recover damages for the detention while the same was wrongfully detained by the defendant."

This includes, not only compensation for any deterioration in the value of the goods replevied while they were in the hands of the defendant, but also for the time lost and expenses incurred by plaintiff in searching for his property. Morris on Replevin (2d ed.) 193.

Manifestly, we can not know that plaintiff's damages could not, by any possibility, have been $200.

As the proceeding was commenced before a justice of the peace, technical precision and accuracy in the form of the entries are not indispensable.

We see no objection, prejudicial to appellant, that goes to the substance of the judgment, as entered. It is, therefore, affirmed.

*Judgment affirmed.*