JOHN R. DUNCAN

v.

MARY A. JACKSON.

HUSBAND AND WIFE—CROPS RAISED BY HUSBAND.—Notwithstanding the fact that the land on which a crop is raised is the separate property of the wife, the presumption as to crops raised, where husband and wife live upon the land, is that they are the property of the husband as head of the family, and that they were raised by his labor and at his expense.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed August 13, 1880.

Messrs. CASEY & DWIGHT, for appellant ; that the court erred in modifying defendant's instructions three and four, there being no evidence to justify it, and the modifications tending to mislead the jury, cited Guill v. Hannay, 1 Bradwell, 490; Goodwin v. Durham, 56 Ill. 239; Paulin v. Howser, 63 Ill. 312.

The plaintiff must recover on the strength of her own title: Amick v. Young, 69 Ill. 542.

The plaintiff failed to show that she acquired the property in a way to make it exempt from her husband's debts: Hall v. Groufe, 52 Ill. 421; Robinson v. Brems, 90 Ill. 351.

Messrs. JENNINGS & BRYAN, for appellee; that the court properly modified defendant's instructions, cited Meyer v. Mead, 83 Ill. 19.

Modifications which work no prejudice are no ground for re-

versal: Reinback v. Crabtree, 77 Ill. 182; Rice v. Brown, 77 Ill. 549.

Slight evidence will sustain an instruction based on a hypo-thetical case: Chicago v. Scholten, 75 Ill. 468.

A mistake in the name of a party in an instruction is not ground for reversal: McKenzie v. Remington, 79 Ill. 388.

Where goods are in the possession of a party claiming them, when levied upon, as the property of a third person, such levy is illegal, and no demand is necessary before bringing replevin: Tuttle v. Robinson, 78 Ill. 332; O. & M. R'y Co. v. Noe, 77 Ill. 513.

When the evidence is conflicting the verdict will not be dis-turbed: Clifford v. Luhring, 69 Ill. 401; Bishop v. Busse, 69 Ill. 403; Simons v. Waldron, 70 Ill. 281; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

A judgment will not be reversed unless there is a strong probability that a new trial would produce a different result: McConnel v. Kibbe, 33 Ill. 176; Hewitt v. Jones, 72 Ill. 218.

CASEY, J. Mary A. Jackson, appellee, brought an action of replevin against John R. Duncan, appellant, a constable in the Marion Circuit Court, to recover possession of a certain field of growing wheat that appellant had levied upon by virtue of an execution in his hands against the goods and chattels of E. A. Jackson, the husband of appellee. Upon the trial of the cause judgment was rendered for the plaintiff. A motion for a new trial was entered, and overruled by the court, and the cause is brought to this court by appeal. The second error assigned is that the court gave improper instructions for the plaintiff. The fifth instruction is as follows: "The court in-structs the jury for the plaintiff, that if you believe, from the evidence, that Mary A. Jackson owns the land upon which the wheat crop in question is growing, then you should find for the plaintiff, unless you further believe, from the evidence, that plaintiff, Mary A. Jackson, had rented the land to her husband to put in wheat, or had permitted her husband to occupy and control the land, and sow the wheat thereon.

Duncan v. Jackson.

This instruction is erroneous, and by it the jury were probably misled. The instruction is based on the theory that proof of the wife's ownership of the land on which the wheat is grown is *prima facie* evidence of the ownership of the wheat, when both husband and wife together live upon and occupy the premises as a home, and that the burden of proof is therefore shifted to him who claims the wheat to be the property of the husband. We do not so understand the law. Notwithstanding the fact that the land is the separate property of the wife, the presumption as to crops raised under such circumstances, must be that they are the property of the husband as the head of the family, and were raised by him by his labor and at his expense, but with her consent, for the support of the family, the support of which primarily devolved upon him. Any other rule or presumption would be contrary to the usual and ordinary course of human affairs, and would be prolific of fraud.

The instruction also assumes that if the wife owned the land, then there were only two methods by which it might be shown that she was not the owner of the wheat. Objections are made to the first and second instructions, that the name of Margaret A. Jackson is used instead of the plaintiff's name, Mary A. Jackson. We do not consider the objection tenable. The mistake was a mere *lapsus pennae* of the attorney preparing the instruction, and it did not affect the finding of the jury. But the first and third instructions are objectionable because they are uncertain. The defense was that there was a fraudulent combination between the plaintiff and her husband, by which the plaintiff was to become the owner of the property, and thus prevent the creditors of the husband from collecting their claims. The evidence tended very strongly to show that the defense was true. Where there is a conflict in the evidence, or when it leaves it doubtful which way the jury should find, it is important that the instructions should not only be accurate, but clear and perspicuous. They should aid the jury in arriving at a correct conclusion, not mislead or even leave them in doubt as to the law arising on the evidence before them. Volk et al. v. Roche, 70 Ill. 297. The judgment of the circuit court is reversed and the cause remanded.

Judgment reversed.