WILLIAM H. WOODYATT

v.

MARY CONNELL.

*Replevin—Crops—Husband and Wife—Abandonment of Wife—Continuance of upon Husband's Land—The Relation—Husband's Debt—Rents and Profits—Receiver—Mortgages—Foreclosure.*

1.  Where a wife occupies the land of her husband, nothing being shown as to any contract between them for its use, the law implies that she is his tenant.

2.  Where in such case the circumstances are such that the relation of landlord and tenant will be implied, the incidents of the law of contracts are likewise implied between them.

3.  A wife abandoned by her husband being chargeable with the support of their minor children, is entitled to their earnings, and the creditors of the husband are not entitled to the product of their labor.

4.  By the appointment of a receiver to obtain rents and profits at the instance of a mortgagee in connection with foreclosure proceedings, the mortgagee obtains an equitable claim upon the rents due and to accrue, and such claim is superior to any other arising subsequent to the mortgage of any person claiming under the mortgagor, and tenants in possession may be compelled to attorn to the receiver.

5.  In the case presented, this court holds that certain crops raised by a wife after being abandoned by her husband, were not subject to levy on executions in favor of her husband's creditors, and declines to interfere with the judgment in her behalf.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Lee County; the Hon. JAMES H. CARTRIGHT, Judge, presiding.

Mr. AARON A. WOLFERSPERGER, for appellant.

Messrs. SHERWOOD DIXON and S. H. BETHEA, for appellee.

Under the present statute of this State, " all restrictions on the power of the husband and wife to contract with each other, except as to compensation for services, are removed." Thomas v. Mueller, 106 Ill. 36.

As a general rule, it may be stated that the mere occupation of land with the owner's concurrence, will inure as a tenancy from year to year, or at will, according to circumstances, determinable at the pleasure of the owner.    Taylor's Landlord and Tenant, Sec. 19, page 14 (5th Ed.).

Where land is in possession of one which belongs to another, an obligation to pay rent will be implied, unless there is an express disclaimer to hold under such other.    Ibid., Sec. 19, note 4; citing Jackson v. Mowry, 30 Ga. 14.

The power of the husband and wife to contract with each

Woodyatt v. Connell.

other being unlimited (except as to services), as shown above, the relations between them are necessarily governed by the same rules as would control were they strangers.    Here the wife was occupying the land of the husband; nothing being shown as to any contract between them, it will be implied that she was his tenant.

The converse of this proposition has been held to be law in this State in repeated instances, thus:

Where the husband as the head of the family occupies and cultivates the land of the wife, he must be considered as occupying it with her consent, for the common benefit of the family, and the product of his toil upon such land is as much his property, notwithstanding the act of 1861, as if he had occupied as a tenant land rented from some third person. Elijah v. Taylor, 37 Ill. 247; Langford v. Grierson, 5 Ill. App. 362; Dean v. Bailey, 50 Ill. 481.

Where the husband and wife live together upon the land of the wife, the presumption as to crops grown upon the land, is that they belong to the husband, and that they were raised by his labor and at his 'expense.    Duncan v. Jackson, 7 Ill. App. 119.

That a portion of the labor of producing these crops was performed by the children of the husband and wife, gives the creditor of the husband no claim to the crop; for it has been held that where the husband had abandoned his family, and the wife had rented a farm and carried it on with the aid of their minor children and produced a crop, to which the husband made no claim, the wife was entitled to the crop free from the debts of her husband.    Hazelbaker v. Good-fellow, 64 Ill. 238.

By the appointment of a receiver the mortgagee obtains an equitable claim upon the rents due and to accrue; and that claim is superior to the claim of any one else claiming under the mortgagor.    2 Jones on Mortgages, Sec. 1536.

And the tenants of the premises may be compelled to attorn to the receiver.    2 Jones on Mortgages, Sec. 1536.

UPTON, J.    It appears that for some years prior to 1888

the husband of appellee, Con. Connell, was the owner of the equity of redemption of a farm in Lee county, being his homestead, upon which he resided with his wife (appellee) and family. The farm and most of the personalty thereon was mortgaged by the husband. In March, 1888, the husband deserted and abandoned his wife and family, leaving them without his further support from thence until the present. Soon thereafter the chattel mortgage upon the personal property, comprising most of the stock and farming tools was foreclosed by sale thereof, and the wife (appellee) became the purchaser, with means of her own, obtained from her relatives, in which her husband had no interest whatever·

The appellee, unable to learn of the whereabouts of her husband, or his intent or purpose, continued to reside on her farm with her family, and by her own exertions and the aid of her sons, all of whom but two were of full age, cultivated the farm, raised and produced thereon the corn and part of the hay in controversy in this suit.

The children of appellee who aided her in cultivating the farm and producing the crop, with the exception of the two minors before mentioned, were paid therefor by appellee. The husband in no way contributed to the production of the crop.

A part of the hay in controversy was obtained from other land than that upon which she resided, and harvested by herself and children. In August, 1889, the holder of the mortgage security upon the farm filed a bill seeking a foreclosure thereof, therein praying for a receiver to obtain the rents and profits, to which foreclosure proceedings Frank Galt, Con. Connell and appellee were made parties defendants, and due service thereof had upon them; and in September, 1889, a final decree was obtained for complainant, therein finding due $5,813.52, upon which a sale was made of the farm by the master in chancery, and after payment of costs left a deficiency due complainant of $784.03, which remains unpaid. By the decree in said proceedings a receiver was appointed by the court of the rents and profits of the farm, and appellee was decreed and directed to account to the

Woodyatt v. Connell.

receiver therefor, and in December, 1889, appellee in fact attorned to such receiver, and agreed to pay the rent of said farm to him for the year 1889.

On the 28th of March, 1889, one Frank Galt obtained a judgment in the Circuit Court of Lee County against the husband of appellee, by confession on *cognovit*, for $459.44. Execution issued thereon, and was levied on the 18th of October, 1889, on the property in controversy (viz., about ninety acres of corn standing in the field, etc., two stacks of wild hay, two stacks of timothy and clover hay upon the premises, etc., of the value of $376), as the property of Con. Connell, husband of appellee, which property so levied upon was afterward and on the day following the levy replevied by appellee and the property delivered to her, which is the suit at bar.

A jury being waived in the court below, the cause was submitted to the court for trial, upon an agreed state of facts in writing, signed by the counsel for the respective parties, filed in the court below, and attached to the record before us, and from which the foregoing statement of facts is deduced.

In the trial court the right of property replevied was found in the appellee, to which appellant excepted and brings the case to this court by appeal.

The question presented by the record before us is : To whom did the property in controversy belong, on the 18th of October, 1889, the date of the levy? Was it the property of appellee, as found by the court below, or that of her husband, Con. Connell, and subject to be taken in execution by his creditors?

It is settled in this State, that when the husband, as the head of the family, occupies and cultivates the land of his wife he must be considered as occupying it with her consent for the common benefit of the family, and the products of his toil upon such land are as much his property (notwithstanding the act of 1861) as if he had occupied as a tenant, land rented from some third person.   Dean v. Bailey, 50 Ill. 481; Langford v. Grierson, 5 Ill. App. 362.

The case at bar presents the converse of that proposition. Here the wife was occupying the land of the husband; nothing

being shown as to any contract between them for its use, *the law implies* that *she was his tenant.* Taylor in his work on Landlord and Tenant, Sec. 19, page 14 (5th Ed.), states the general rule to be, that the mere occupation of land with owner's concurrence, will inure as a tenancy at will, or from year to year, according to circumstances, determinable at the owner's pleasure. Where land is in possession of one, which belongs to another, an obligation to *pay rent therefor* will be *implied*, unless there is an express disclaimer to hold under such other. Jackson v. Mowry, 30 Ga. 14, Sec. 19, Note 4; Taylor, Landlord and Tenant.

As was said by Justice Pleasants in Langford v. Grierson, 5 Ill. App. 365: " We apprehend * * * that the extent of the doctrine is, that his (the husband's) occupancy and cultivation in apparent control of the lands of the wife, where nothing further appears to show his or her actual interest in them, will raise a presumption of *tenancy in him,* and consequent *ownership of the crop,* subject to *her lien for a reasonable rent,"* and cases cited.

The earnings of the wife, she is by legislative enactment entitled to receive, use and possess, authorized to sue therefor and recover in her own name, free from the interference of her husband. R. S., Chap. 68, Sec. 7. Sec. 6 of the same chapter provides that contracts may be made by her to the same extent and in the same manner as if she was unmarried.

This being so as to the separate property of the wife, no reason is perceived why the *incidents* of the law of contracts should not be applied to them in their relations with one another—where not otherwise provided by law—to the same extent as between two persons not sustaining the relation of husband and wife, and where the circumstances are such that the relation of landlord and tenant will be implied, no legal obstacle can now be held to exist in this State to prevent that contract relation being *implied*, although the parties to it are husband and wife; indeed, that precise question is so held to apply to the husband in possession of the real property of the wife, in Langford v. Grierson, *supra.*

The case at bar is much stronger in its facts for appellee

(wife) than for the appellant (husband) in the case last cited. Here the wife was deserted and abandoned by the husband and upon her was cast the burden of supporting herself and family. At common law under such circumstances, she could carry on business in her own name, sue and be sued as "*feme sole.*" Clearly she was capable of contracting in the case at bar—left with her family in the homestead by her husband? comtemplating as he must, if he gave a thought to the future of wife or children, that she would continue in the occupancy of that farm, endeavoring therefrom to gain the support he was failing to provide. Under such circumstances, can it fairly be said that appellee, the deserted wife, was in possession of that farm without the concurrence of her husband? If not, she was his tenant by *implication of law*, and the crop belonged to her, at most, but subject to the husband's lien for the reasonable rent thereof.

It is expressly provided, that if the husband abandon the wife, "she is entitled to the custody of their minor children," etc. (Chap. 68, Sec. 16, R. S.), and being chargeable with their support and education, is entitled to their earnings, and hence the creditors of the husband are not entitled to the product of such labor.

It was held that where the husband had abandoned his family, and the wife had rented a farm and carried it on with the aid of the minor children, and produced a crop, to which the husband made no claim, the wife was entitled to the crop free from the debts of her husband. Hazelbaker v. Goodfellow, 64 Ill. 238. The case at bar is plainly distinguishable from Duncan v. Jackson, 7 Ill. App. 119.

It will not be *presumed*, under the facts in this case, that the wife was working for the husband, and for his benefit or that of his creditors. The case of Hazelbaker v. Goodfellow, *supra*, would alone seem decisive of the case at bar. The facts in that case are in no essential particular variant from this.

It is claimed that in the Hazelbaker case, the wife rented the farm, the crop from which was in controversy in that suit. We have seen that by the proceedings to foreclose the mort-

gage on the farm in question in August, 1889, a receiver was prayed to obtain the rents thereof; that by the decree in September, 1889, a receiver was appointed for that purpose, and appellee was ordered to account with such receiver therefor, and in pursuance thereof she had become obligated to pay the rent of the farm for the year 1889, to such receiver, to which proceeding and decree the creditor of the husband of appellee, who is now seeking to take from the wife the entire crops of the farm for that year (notwithstanding she must pay the rent) was a party thereto, had full notice thereof, and has taken no means to reverse or vacate that decree.

Under these circumstances should appellant be heard to assert that appellee, in the case at bar, did not lease the farm?

By the appointment of a receiver the mortgagee obtains an equitable claim upon the rents due, and to accrue, and such claim is superior to any other subsequent to the mortgage, claiming under the mortgagor. 2 Jones on Mortgages. And the tenants in possession of the premises may be compelled to attorn to the receiver.

There is no circumstance indicative of fraud or collusion between appellee and her husband, shown by the facts in this case.

She appears to have acted in the utmost good faith, with patient endeavor and commendable effort to maintain herself and family in cultivating the farm, of which she was left in possession by her husband when he deserted her and her family, and for which she was compelled to pay the rent by order of court, and we hold that the entire crops, the product of that farm for the year 1889, being the property now in question, was not subject to levy on executions in favor of her husband's creditors, for the reasons before stated, and finding no error in the judgment of the Circuit Court, in that behalf that judgment is affirmed.

*Judgment affirmed.*