## John Holmes v. John M. Tarble et al.

1. PLEADING—*By the Defendant.*—The defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense, and each of such pleas may be inconsistent with the others.

2. JURY—*Not to Pass upon the Issues Separately.*—It is not necessary for the jury to pass on the issues formed by different pleas separately, nor is it the practice.

3. REPLEVIN—*General Verdict in.*—A general verdict for the defendant in a replevin suit is, as against the plaintiff, a finding on all the issues.

**Replevin.**—Error to the Superior Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed June 29, 1898.

C. STUART BEATTIE, attorney for plaintiff in error.

NEANDER N. CRONHOLM, attorney for defendants in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This was an action of replevin by plaintiff in error against John M. Tarble, Nils Bennett and Olaf Anderson, defendants in error, for three horses. The horses were taken on the writ and delivered to the plaintiff.

The declaration contained a count in replevin in the *detinuit* and a count in trover. The defendants pleaded to the first count three pleas, namely : first, *non detinuit;* second, property in the defendants; third, that the plaintiff being possessed of the horses, as of his own property, delivered the same to the defendants Anderson and Bennett, they being agisters, for the purpose of feeding and pasturing, etc.; that they did feed and pasture, etc., and the plaintiff became indebted to the defendants therefor in the sum of $400. Wherefore defendants retained the property, etc. To the count in trover the defendants pleaded not guilty. The plaintiff took issue on these pleas, and the jury found the following verdict :   " We, the jury, find the

issues for the defendants, and assess the defendants' damages at the sum of $229." A motion for a new trial was overruled, and judgment was rendered for the defendants and for a return of the property, and damages, to the rendition of which judgment the plaintiff excepted. The record contains no bill of exceptions.

Plaintiff's counsel contends that the verdict is not responsive to all the issues and is inconsistent, and therefore the judgment is erroneous. Section 28 of the Practice Act provides : " The defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense," etc., and each of these pleas may be inconsistent with the others (P. & P. U. Ry. Co. v. Barton, 38 Ill. App. 475), and this is common practice. It is not necessary that the jury shall pass on each of the issues separately, nor is it the practice. In Underwood v. White, 45 Ill. 437, the pleas were *non cepit, non detinuit,* a traverse of property in the plaintiff, property in defendant, and, lastly, property in third persons. The verdict was, " We, the jury, find the issues for the defendant." Held, that by reason of the plea traversing the right of property in the plaintiff and averring property in another, the right of property was in issue, and a judgment for the defendant awarding a return of the property was proper, and the judgment was affirmed. See also Wells on Replevin, Sec. 753.

" A general verdict for the defendant in a replevin suit is, as against the plaintiff, a finding on all the issues." Cobbey on Replevin, Sec. 1060.

In McClure v. Williams, 65 Ill. 390, an instruction that the burden was upon the defendant to prove each of the several issues formed by the pleadings, was held erroneous, the court saying, Ib. 392 : " This should have been qualified by informing them that if he, however, maintained by proof any one of the issues, he would be entitled to a verdict. Unaccompanied by any such explanation, the jury were liable to believe all of the issues must be found in his favor, to entitle him to a verdict; while all persons in the profession know that if a defendant plead and proves one plea in law,

he is entitled to judgment." This is analogous to the practice in case of a declaration containing a number of counts, when, although the evidence may be applicable to and prove only one of the counts, a general verdict finding the issues for the plaintiff is sufficient, and the plaintiff is entitled to judgment, the unproved counts being disregarded. In the present case, the defendants having traversed property in the plaintiff and averred property in themselves, it must be presumed, in the absence of evidence to the contrary (the evidence not having been preserved by bill of exceptions), that the plea was proved, and the plea being proved the defendants were entitled to judgment, and to a return of the property and damages for its detention. In the absence of a bill of exceptions preserving the evidence, the presumption is in favor of the judgment. Brennan v. Shinkle, 89 Ill. 604.

The judgment will be affirmed.