## M. McDonough v. Adeline Reilly.

### Gen. No. 13,023.

1. DECLARATION—*what objection should be availed of by demurrer.* A count in replevin which does not describe the property in question but which refers to another count for such description, if defective, should be objected to by demurrer.

2. REPLEVIN—*assessment of damages may be made in.* Damages may be assessed by the jury in a replevin suit for deterioration

and injury to the goods and other damages incurred through the wrongful taking.

Action of replevin. Appeal from the Circuit Court of Cook county; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 5, 1907.

**Statement by the Court.** The appellee was plaintiff in the Circuit Court in an action of replevin against the appellant, who was named as defendant in the replevin writ and in the declaration in connection with Nicholas Sheldon and Lyman A. Walton. The appellant McDonough, however, was the only defendant served and the judgment hereinafter described was taken against him alone.

McDonough, who was a constable, had a distress warrant addressed "M. McDonough, Constable," and signed "Nicholas Sheldon by Lyman A. Walton, his attorney-in-fact," handed to him May 4, 1903, for service. It authorized him to distrain on the personal property of Robert Reilly wherever it might be found in the county, for $400 due to Sheldon for rent of the store in the building No. 411 West Madison street, in Chicago. McDonough returned the distress warrant into the Superior Court May 5, 1903, with a certificate that he had distrained on five iron bedsteads, five lounge covers, one wire couch, one hundred and fifty-four pieces of mattress ticking, six rolls of burlap, twenty-three ready-made ticks, eleven mattresses and six pieces of ticking in bulk. This property he took to a storage warehouse, from which it was taken by the replevin writ in this case May 7, 1903, and receipted for on that date by the appellee, Adeline Reilly, who is the wife of Robert Reilly. The appellee, the plaintiff in the replevin suit, made the affidavit for the replevin, naming the said property and claiming it as hers, and alleging the value to be $400. The replevin bond given to the sheriff was in the sum of $800. The declaration alleged a wrongful taking of the said property in the first count, a wrongful detention of it in the sec-

ond count, and trover and conversion of it in the third count, averring the value of the property in that count to be $400. The *ad damnum* declared the plaintiff to have been injured and to have sustained damage in the amount of $500. The defendant pleaded *non cepit* to the first count, *non detinet* to the second, and not guilty to the third, while to all three he pleaded justification under the distress warrant against Robert Reilly, averring that the goods and chattels taken and replevied were the property of Robert Reilly.

On trial the jury found the issues for the plaintiff, and that the right of possession of the property was in the plaintiff, and assessed the plaintiff's damages at $400. There was a motion for a new trial, followed by a motion in arrest of judgment, both of which were overruled and judgment entered on the verdict, from which the defendant appealed. His assignments of error chiefly relied on are the admission of improper evidence, the excessiveness of the verdict, that the jury were prejudiced and influenced by improper remarks of counsel, and that the verdict was contrary to the evidence.

Ritsher, Montgomery, Hart & Abbott, for appellant.

Coburn & Case, for appellee.

Mr. Presiding Justice Brown delivered the opinion of the court.

There is no question of law raised in this case needing any extended discussion. It is claimed that the second and third counts of the declaration, by referring to the first count for a description of the property, instead of being complete in themselves, formed no basis for the judgment of $400 damages. If this irregularity or inartificiality made the counts obnoxious to a demurrer, they should have been demurred to. Pleas to the merits having been filed to them, it is too late, especially after verdict, to raise this objection. L. S. & M. S. Ry. Co. v. Hession, 150 Ill. 546, 558.

Nor do we see why the damages of $400 must be referred to the last count, as suggested by appellant. Damages may be assessed by the jury in a replevin suit for deterioration and injury to the goods and other damages incurred through the wrongful taking. Brennan v. Shinkle, 89 Ill. 604; Three States Lumber Co. v. Blanks, 69 L. R. A. 286, note II.

We do not think that there was any improper evidence admitted which affected the substantial justice of the result, nor that the somewhat violent language of the appellee's counsel to the jury so far transcended the proper limits of argument based on the evidence as to impute error to the trial judge in the exercise of his necessary discretion in the conduct of the cause. This leaves to be considered only the question of the weight of the evidence on the title to the property, and the excessiveness of the verdict, both notably matters on which a clear case should be made by appellant to justify our interfering with the verdict.

There is no claim that the jury were not fairly instructed. The appellee asked no instructions, and all those asked by the appellant were given, except the peremptory one, to find for the defendant.

As to the question of the title to the property replevied—the question, that is, whether it belonged to the plaintiff, Mrs. Reilly, or to her husband, Robert Reilly, we see no reason whatever to question the jury's verdict. The property was not in the premises for the rent of which the distress warrant was issued. Mrs. Reilly's testimony was unequivocal that the property was hers and the business conducted at the place it was taken from under the distress warrant was hers, and that Robert Reilly had nothing to do with it. Her testimony as to this was confirmed not only by Robert Reilly, but by circumstances testified to by other witnesses. The defendant's evidence brought to contradict it, at the best, was only sufficient to raise a suspicion to the contrary. The jury, under the instruc-

tions asked by defendant, found for the plaintiff, and, we think, could hardly have found otherwise.

The damages assessed for the taking and detention seem large when considered in connection with the value of the goods sworn to by appellee in the replevin affidavit and in her testimony. But her testimony is explicit also as to their bad treatment while they were in the possession of the defendant and their worthlessness when returned. They were goods, there can be no doubt, that once injured could with difficulty be disposed of at any price.

We doubt if any substantially different verdict would be returned on another trial, and we cannot say that the jury were clearly under the influence of passion or prejudice, or even that substantial justice has not been done.

The judgment is affirmed.

*Affirmed.*