THE PEOPLE *ex rel.* H. M. Sanders, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*county clerk must reduce taxes in accordance with statute.* Under the amended Revenue law of 1909, (Laws of 1909, p. 323,) the county clerk must ascertain which taxing district or municipality has the highest aggregate per cent of tax levies which are subject to reduction under such law, and if such aggregate exceeds three per cent on the $100 of the assessed valuation of taxable property he must reduce such rates as required by the statute.

2. SAME—*objector is not required to show the extent to which a tax is illegal.* In a proceeding by the county collector to collect taxes, if the objector proves that a greater tax has been levied than is authorized by statute the collector's *prima facie* case as to such tax is overcome, and that the objector does not show the correct amount of such tax is no ground for sustaining it.

3. SAME—*judgment cannot be rendered for taxes part of which are illegal.* A judgment cannot be rendered for taxes, a part of which are shown to be illegal, unless the legal portion can be ascertained and separated from the illegal portion.

4. SAME—*when judgment should be entered for the minimum county tax.* Where an objector proves the aggregate tax rates of a certain taxing district, from which it appears that if such district had been used by the county clerk in reducing the taxes the county tax objected to would have been reduced below the forty-five cent minimum, it is proper to enter judgment for the county tax at the minimum rate of forty-five cents on the $100 even though such taxing district may not have been the one having the highest aggregate tax rates, as in either case the reduction of the county tax would bring it below the minimum county rate.

APPEAL from the County Court of Madison county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

D. E. KEEFE, (L. J. HACKNEY, of counsel,) for appellant.

W. H. STEAD, Attorney General, J. F. GILLHAM, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Madison county overruling certain objections of appellant as to the county taxes assessed against it and as to the town taxes for the town of Venice, in said county.

After the People had introduced in the trial court their *prima facie* proof, appellant introduced proof showing that in Granite City, a municipality in Venice township, in Madison county, the tax as certified for all purposes aggregated $7.13 on each $100. Appellant argues that the county clerk failed to follow the provisions of an act of the General Assembly approved June 14, 1909, in force July 1, 1909, amending section 2 of "An act concerning the levy and extension of taxes," (Laws of 1909, p. 323,) and after deducting the State, road and bridge and school building taxes from said total, to reduce the balance as provided in said act. In *Town of Cicero* v. *Haas,* 244 Ill. 551, we held that the county clerk must ascertain which taxing district or municipality has the highest aggregate per cent of tax levies, and that he must thereupon reduce such highest aggregate in accordance with the provisions of the statute, thereby fixing the county rate and in some instances certain other rates, and that the county rate so fixed must apply throughout the county. The proofs in this record show that the State tax, road and bridge tax and school building tax in the school district in which Granite City is located aggregated $1.42 on the $100. Deducting this from $7.13 leaves for the other taxes a total of $5.71 per $100. This is the amount that under this section should be scaled down by the county clerk to three per cent, subject to certain exceptions set out in said act. The record shows that included in this amount were the following: County tax, seventy-four cents per $100; town tax, nine cents per $100; city tax, exclusive of bonds and interest, $1.20 per $100; city tax, bonds and interest on bonds, thirty-five cents per $100;

school tax for educational purposes, $1.50 per $100; sanitary tax, $1.83 per $100; making a total of $5.71 per $100. If it were not for the exceptions in said section 2 these amounts would have to be reduced in the aggregate to $3 on the $100,—that is, to the rate of three per cent of the assessed value of the taxable property. But in order to fix the rate for each of these separate taxes it is necessary to include all the above amounts in reducing to the rate of three per cent, and after the rate has been found for each of the various taxes they should be reduced accordingly, except that the exceptions of this section must then apply and restore the various rates to the amounts specified. The city here in question having less than 150,000 inhabitants, the city tax under one of the exceptions cannot be reduced below $1.20 (the rate given above) and the educational tax cannot be reduced below $1.50 on the $100. Those rates, therefore, would have remained as fixed by the clerk. The same is true of the rate as to bonds and interest thereon, for this section provides that no reduction of any tax levy "shall diminish any amount appropriated by corporate or taxing authorities for the payment of principal or interest on bonded debt." The only taxes in the above list which were not subject to some of the exceptions are the town and sanitary taxes. The county tax in a county of less than 300,000, into which class the record shows this county falls, cannot be reduced below forty-five cents on the $100.

Counsel for the State seem to concede that the county tax in this case, if properly levied, should have been forty-five cents instead of seventy-four, but they argue that as there is no proof in this record that Granite City was the highest taxing district in the county, the trial court rightly overruled the objections of appellant on this point. They insist that the burden of proving which is the highest taxing district in the county rests upon the objector before there can be any reduction. The doctrine of this court, repeatedly announced, is, that the collector's sworn report

of delinquent lands, together with the proof of publication
and statutory notice, makes a *prima facie* case which en-
titles the collector to a judgment, unless good cause is
shown to the contrary by those objecting. The burden of
proof of showing such matters as would avoid the tax or
establish its illegality is upon the person objecting thereto.
*Consolidated Coal Co.* v. *Baker,* 135 Ill. 545; *People* v.
*Givens,* 123 id. 352; *Frew* v. *Taylor,* 106 id. 159; *Hutch-
inson* v. *Self,* 153 id. 542; *People* v. *Keener,* 194 id. 16;
*People* v. *Hulin,* 237 id. 122.

*Prima facie* proof or evidence is that which, standing
alone, unexplained or uncontradicted, is sufficient to main-
tain the proposition affirmed, and if not rebutted remains
sufficient for that purpose. (1 Jones on Evidence, sec. 7;
*Kelly* v. *Jackson,* 31 U. S. 622; *Emmons* v. *Westfield Bank,*
97 Mass. 230.) The People here made *prima facie* proof.
Appellant in rebuttal proved that a greater county tax had
been levied than the statute authorized. It necessarily fol-
lowed that a certain proportion of the tax was illegal and
invalid. Unless the legal and illegal taxes could be sepa-
rated the objection as to the entire tax should have been
sustained. (*Siegfried* v. *Raymond,* 190 Ill. 424.) But the
legal and illegal portions could be separated here. Appel-
lant has shown on this record that the rate for county taxes
was seventy-four cents, and that if it were not for the
proviso prohibiting its reduction below forty-five cents it
should have been reduced to a much less amount. If Gran-
ite City is not the highest taxing district in the county
the taxing district which was the highest would fix the
county rate for the entire county, and the county tax would
then have been lower (were it not for the proviso as to
forty-five per cent) than with Granite City as the highest
taxing district, so that in any event the county tax would
be reduced to forty-five cents regardless of what was the
highest taxing district in the county. Appellant's objections
stated that it should have been taxed at the rate of forty-

five cents instead of seventy-four cents for county tax, and that there should be a reduction as to that tax of twenty-nine cents. This contention of appellant is correct. The county court on this record should have sustained the objection as to all county taxes against appellant in excess of forty-five cents on the $100.

It is further argued that the township tax for the township of Venice was extended at too high a rate,—that is, nine cents when it should have been five cents on the $100. Whether Granite City was the highest taxing district in the county or not, it is manifest from this record that the rate of nine cents was too high. In a proceeding of this kind a judgment cannot be rendered for taxes a part of which are shown by the record to be illegal. (*Campbell* v. *State*, 41 Ill. 454.) Where the owner of property seeks to enjoin the collection of a tax he must pay the amount legally due before he can have affirmative relief against that which is illegal. Where, however, it is sought to enforce the payment of a tax against him he may defend, and judgment will be rendered only for the amount shown to be legally due. (*People* v. *Centralia Gas Co.* 238 Ill. 113.) In such cases this court has uniformly held that the tax levied within the limit of the power will be sustained when it can be separated from the portion that is illegal. (*Mix* v. *People*, 72 Ill. 241.) This judgment as to the town tax includes illegal and improper items, and the judgment must therefore be reversed as to the town taxes.

The State seems to concede if the judgment for town taxes should not be entered at nine cents on the $100 because the objector failed to prove the highest taxing district in the county, that a judgment for five cents on the $100 for town taxes is not too low.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain objections as to all county taxes in excess of forty-five cents on the $100 and as to the town taxes in excess of five cents on the $100.

*Reversed and remanded, with directions.*