THE PEOPLE *ex rel.* Lou N. Bear, County Collector, Plaintiff in Error, *vs.* THOMAS A. BURT, Defendant in Error.

*Opinion filed April 22, 1915.*

1. EVIDENCE—*when parol evidence is admissible to show what was investigated on the trial.* Where a former recovery is relied upon, parol evidence not contradictory of the record is admissible to show what was investigated on the trial of the issue in the former case, if the record does not show the full and true state of the controversy and investigation.

2. TAXES—*when parol evidence is admissible to show why former application for judgment was denied.* Where a judgment of the county court denying an application for judgment for a drainage assessment does not show on what ground the judgment was based, parol evidence is admissible, on application for judgment for a subsequent drainage assessment against the same land, to show that the former judgment was based on the ground that the land had already been assessed in excess of the benefits received by the improvement.

3. SAME—*when judgment for tax must be denied though part of levy may be valid.* Judgment for a drainage assessment must be denied if part of the assessment is illegal even though part of it may be legal, provided the illegal part cannot be separated from the legal part.

WRIT OF ERROR to the County Court of Champaign county; the Hon. W. G. SPURGIN, Judge, presiding.

LOUIS A. BUSCH, State's Attorney, (ELIM J. HAWBAKER, of counsel,) for plaintiff in error.

ORIS BARTH, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This writ of error is sued out to review the judgment of the county court of Champaign county sustaining objections of defendant in error to an application for judgment against his land for a delinquent drainage assessment. The district is a special drainage district embracing lands in Champaign and Piatt counties. The proceedings for the

organization of the district were had in the county court of Champaign county. The original assessment to pay for the improvement was made in 1909 and was for $6000. Of that amount $591.61 was extended against the land of defendant in error and was paid. In 1911 an additional assessment of $3000 was levied, because, as the commissioners reported, they found the previous assessment was inadequate to pay for the work. Of the additional assessment $299.68 was extended against the land of defendant in error, who refused to pay it, and when application for judgment was made filed objections, which were sustained and judgment denied. In 1913 the commissioners ordered another additional assessment of $600, because, as recited in the resolution, the amount previously levied "would be inadequate to complete the proposed work, and by reason of the failure of all the parties to pay the assessment or tax heretofore levied on said main drainage district, and by reason of the necessity of building a bridge or bridges over the main ditch of said district, and because of the necessity of providing a fund to insure the collection of a tax or additional assessment to be levied, and for each and all of said reasons." Of said levy $58.80 was extended against the land of defendant in error. He failed to pay it, and when application was made for judgment filed objections, which, upon hearing, the county court sustained, and this writ of error was sued out to reverse the judgment.

The objections filed were (1) that the assessment is in excess of the benefits which have been or will be derived from the work already done, together with any work ordered to be done in said drainage district; and (2) that in a prior proceeding at the June term, 1912, of the county court for judgment against the same land for a special assessment it was determined and adjudged by said county court that said land had already been assessed in excess of the benefits conferred and that any additional assessment was illegal and invalid.

267 – 41

The judgment of the county court sustaining objections to judgment for the additional levy made in 1911 was introduced in evidence. It does not recite the ground upon which judgment was denied, but simply recites that objections were filed to the application for judgment and upon consideration of said objections they were sustained and judgment denied. Defendant in error called as a witness a lawyer who was counsel in the case when the objections were heard and sustained to the application for judgment, and counsel for the defendant in error read to the witness from a paper in the files of that case what purported to be an objection then heard that "said assessment is greatly in excess of the benefits that have been and will be derived from the work already done there in said district." The witness was then asked whether evidence was heard on that question, and answered there was. In answer to further questions the witness testified that the court orally announced the evidence produced showed the land had not been benefited as much as the assessment already levied and collected, and that all the work had been done which had been laid out and ordered. Plaintiff in error objected to the witness stating what the issue tried was, and the ground upon which the judgment was denied. The judge who presided at the hearing in the case was the same judge who presided at the hearing of the objections in the former case, and in ruling on the objection he said, "He [the witness] stated the finding of the court just exactly correct, that from the evidence produced in that case the lands were assessed more than they were benefited."

Where a former recovery is relied on as a bar, parol evidence not contradictory of the record may be introduced to show what was included within and investigated on the trial of the issue. If the record does not show the full and true state of the controversy and matters investigated, parol evidence is admissible to supply what is not shown. (*Chicago, Burlington and Quincy Railroad Co.* v. *Schaef-*

*fer,* 124 Ill. 112; *Vanlandingham* v. *Ryan,* 17 id. 25; *Barger* v. *Hobbs,* 67 id. 592; *People* v. *Becker,* 253 id. 131.) The parol proof was not contradictory of the record, but was for the purpose, only, of showing the issue upon which evidence was heard and on which the judgment was based.

Plaintiff in error contends that even if it was decided in the former case that the assessment for the purposes made against defendant in error's land was in excess of the benefits, that decision would not be a bar to the last assessment for different purposes from those for which the former assessment was made. One of the purposes for which the last assessment was made, as recited in the resolution of the drainage commissioners, was to complete the work for which the former assessment was made. The other purposes were stated to be, to build a bridge or bridges and to provide a fund to secure the collection of the additional assessment. How much of the levy was for each of said three purposes is not stated. In our opinion the judgment in the former case was a bar to levying an assessment for the same purposes for which the former assessment was levied. A part, at least, of the last assessment was for the same purpose, and to that extent, at least, it was invalid. Where a part of a levy is illegal and part legal, if the illegal portion cannot be ascertained and separated from the legal portion, judgment for the tax should be denied. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 249 Ill. 97; *Same* v. *Same,* 256 id. 432.

The judgment of the county court is affirmed.

*Judgment affirmed.*