Mabel A. Little, Executrix of the Estate of Robert M. Little, Deceased, Appellee, v. Blue Goose Motor Coach Company, Appellant.

JOSEPH McGLYNN, A. M. FITZGERALD and H. C. MOORE, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On November 1, 1925, Dr. Robert M. Little, while driving his Overland sedan at the intersection of Ridge Avenue and Twenty-seventh Street in East St. Louis, collided with a bus owned and operated by appellant. On November 23, 1925, appellant sued Dr. Little before a justice of the peace, and recovered a judgment for the damages occasioned to its bus by the said collision. Dr. Little appealed the case to the county court and the appeal was afterwards dismissed for want of prosecution. On December 1, 1925, Dr. Little sued appellant in the city court to recover damages for personal injuries alleged to have been suffered by reason of the collision aforesaid. He died on May 25, 1926, after the jury had retired to consider its verdict and before the verdict was returned. His death was suggested and the jury discharged.

Mabel A. Little, his widow, was then appointed executrix of his last will and testament, and by leave of court filed a new declaration based upon section one of the Injuries Act, Cahill's St. ch. 70, ¶ 1. Appellant filed a special plea to the effect that it had sued Dr. Little before a justice of the peace and recovered a judgment against him for the sum of $139.35 on account of the damages caused to its bus by reason of the collision aforesaid; that an appeal was taken from said judgment to the county court which, on April 2,

1926, was dismissed for want of prosecution, etc. A demurrer to that plea was sustained and on appeal to this court the judgment was reversed and the cause remanded with directions to overrule the demurrer. *Little v. Blue Goose Motor Coach Co.*, 244 Ill. App. 427.

The cause was redocketed in the trial court and the demurrer overruled. Thereupon appellee joined issue on the plea aforesaid. Appellee recovered a verdict and judgment·for $5,000.

Upon the trial of the cause appellant offered in evidence the docket of the justice of the peace together with the transcript of the judgment and the files in the case which were filed in the county court at the time the appeal was perfected. Appellant then called the justice of the peace as a witness and inquired as to what the issues were and as to what the case was about. Counsel for appellee objected on the ground that the docket and the transcript of the evidence taken before the justice of the peace were the best evidence. The objections were sustained. Appellant then called the reporter who took the testimony and he testified that he had transcribed his notes and had turned the transcript over to counsel for appellee. One of said counsel was then called as a witness and testified that his firm had the transcript of the evidence and that it was their private property and he would not produce it.

The justice of the peace was permitted to testify that he presided at the trial of the case and heard the witnesses; that it was a suit by the *Blue Goose Motor Coach Company v. Robert M. Little* for damages on account of an automobile collision happening in the City of East St. Louis; that Mr. Zulley, one of the attorneys for appellee in this case represented Robert M. Little in the case before him; that the case was called for trial and both sides announced that they were

ready and that four or five witnesses testified in the case.

Mr. Baldus testified that he was formerly connected with appellant and remembers the collision in question; that suit was brought by the bus company against Mr. Little before the justice of the peace; that the suit before the justice was in regard to the same collision about which this suit is now pending.

The docket of the justice of the peace contains the following entry: "November 23, 1925, Summons issued against Robert M. Little on complaint of Blue Goose Motor Coach Co. for failure to pay it a certain demand for damages in automobile collision, returnable December 1, 1925, at 3 o'clock P. M." It also shows that on November 25, 1925, the summons was returned by the constable as personally served by reading the same to the defendant and leaving him a copy thereof; that on November 28, 1925, the cause was continued by agreement of both sides to December 3, 1925, at 9 a. m.; that on December 1, 1925, defendant's attorney requested a bill of particulars and that the same was filed; that on December 3, 1925, at 9 o'clock a. m. the case was called and both sides announced that they were ready for trial; that the issues were submitted to the court; that the witnesses were sworn and the testimony heard and the case was then taken under advisement until December 5, 1925; that on December 5, 1925, the court found the issues in favor of the plaintiff and that defendant is indebted to the plaintiff in the sum of $139.35 for damages; that it is therefore considered, ordered and adjudged by the court that the Blue Goose Motor Coach Company have and recover from Robert M. Little the sum of $139.35.

The summons issued by the justice of the peace notified Dr. Little to appear before the justice at his office in Belleville, Illinois, on the first day of December,

1925, at 3 p. m. to answer the complaint of Blue Goose Motor Coach Company for failure to pay a certain demand—damages in an automobile collision, etc.

After the county court had dismissed the appeal for want of prosecution, one of the attorneys now representing appellee, and who then represented Dr. Little, filed his own affidavit in support of a motion to set aside the order of dismissal. That affidavit was offered in evidence in this case and contains this statement: "Affiant further states that said defendant has a good defense to this suit, for the reason that plaintiff's claim is for damages to the bus occasioned by and through the negligence of plaintiff's servants."

The bill of particulars which was called for by counsel for Dr. Little before the justice of the peace and which was filed, as stated by the justice in his record, is probably the bill of W. L. Proffitt & Company against appellant for repairs upon its bus, as it was returned by the justice of the peace as a part of the files in the case before him.

In view of the foregoing evidence and the attitude of counsel for appellee upon the trial of the cause there can be no reasonable doubt but that the action brought by appellant against Dr. Little before the justice of the peace was for damages to appellant's bus occasioned by the negligence of Dr. Little. Appellee offered no evidence upon that issue and the evidence offered by appellant is uncontradicted.

Appellee insists that because of the fact that it appears near the top of the page of the justice's docket that the form of the action was assumpsit, it cannot be held that the action was based upon the negligence of Dr. Little. In suits commenced before justices of the peace, technical precision and accuracy in form of the entries are not indispensable. *Brennan v. Shinkle,* 89 Ill. 604. Counsel also argue that the judgment rendered by the justice was in favor of the Blue Goose Motor Company instead of the Blue Goose Motor

Coach Company, and for that reason, the judgment has no force or effect in this proceeding. Upon the oral argument the attention of counsel was called to the fact that the record shows that the judgment was rendered in favor of appellant and that the discrepancy in names was due to a mistake in abstracting. Thereupon counsel conceded that there was nothing in that point.

Counsel argue that there is nothing in the justice's docket to show that any fact material to the issues in the case at bar was determined by the justice of the peace. They succeeded in getting the trial court to hold that the docket of the justice fully showed what the issues were. If the record does not show the full and true state of the controversy and matters investigated, parol evidence is admissible to supply what is not shown. *Gray v. Gillilan,* 15 Ill. 453; *People v. Burt,* 267 Ill. 640.

We are of the opinion that the evidence above referred to clearly shows that appellant recovered a judgment against Dr. Little on the ground that his negligence was the proximate cause of the damages to appellant's bus. The justice of the peace necessarily found that such was the fact, because, without such a finding, appellant was not entitled to recover.

It appears, therefore, that in the lifetime of Dr. Little it was judicially determined that his negligence caused the collision in question, from which his death resulted. Appellee's right to sue for damages, under the statute, depends upon the deceased having a right of recovery for his injuries immediately before his death. *Mooney v. City of Chicago,* 239 Ill. 414; *Michigan Cent. R. Co. v. Vreeland,* 227 U. S. 59.

The statutory action is a right dependent upon the existence of a right in the decedent, immediately before his death, to have maintained an action for his wrongful injury, and it is upon this principle that it is generally held that a release or accord and satisfac-

tion, or a prior recovery by deceased in his lifetime, constitutes a defense to the statutory action for the death. 17 C. J. 1201. It is almost everywhere held that a recovery by a decedent for personal injuries to him is an absolute bar to a subsequent maintenance of an action under the statute for his death, 17 C. J. 1250; 39 A. L. R. 579, and a final judgment on the merits denying a recovery has a like effect. 17 C. J. 1250.

Appellant having recovered a judgment against Dr. Little for damages to its bus alleged to have been caused by the wrongful act, neglect or default of Dr. Little, growing out of the same collision which is involved in this case, it necessarily follows that appellee has no cause of action under the statute. It would be strange indeed if appellant could recover in one suit for the damages to its bus on the ground that the collision was due to the negligence of Dr. Little, and that appellee, in another suit, could recover for the death of Dr. Little on the ground that he was not guilty of any contributory negligence but that the negligence of appellant was the proximate cause of his death.

The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact: The clerk will incorporate in the judgment the following: "The Court finds that appellant sued Dr. Robert M. Little, appellee's testate, before a Justice of the Peace for damages to its bus in the collision which occurred on November 1, 1925, and recovered a judgment therefor in the sum of $139.35; that in the rendition of said judgment it was necessarily determined that the collision and damages occasioned to the bus were due to the negligence of Dr. Little and that immediately prior to his death he could not have maintained an action for personal injuries growing out of the same collision."